Jeffrey I. Hasson
Attorney at Law
Davenport & Hasson, LLP
12707 NE. Halsey Street
Portland, OR  97230
Phone: (503) 255-5352
Facsimile No.: (503) 255-6124
E-Mail: hasson@dhlaw.biz
Washington State Bar No. 23741

Attorney for First Source Advantage, LLC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| JENNIFER O'NEAL, | Case No.: 3:11-CV-05336 |
| Plaintiff, | ANSWER AND AFFIRMATIVE DEFENSES OF FIRST SOURCE ADVANTAGE, LLC |
| vs. | |
| FIRST SOURCE ADVANTAGE, LLC; | |
| Defendants. | |

COMES NOW First Source Advantage, LLC (FSA), without waiving any objections, rights, and defenses relating to jurisdiction and process, hereby answers Plaintiff's complaint as follows:

I.  ANSWER

1. Answering Paragraph 1 of the Complaint, FSA admits that Plaintiff asserts that her Complaint is based on the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*). FSA defers all questions of law to the Court.

2. Answering Paragraph 2 of the Complaint, FSA admits that jurisdiction of this court would have been proper pursuant to 15 U.S.C. § 1692k(d), if Plaintiff had a claim, but denies that Plaintiff has any such claim herein.  FSA defers all questions of law to the Court.

ANSWER AND AFFIRMATIVE DEFENSES OF FIRST SOURCE
ADVANTAGE, LLC - 1
Case No. 3:11-CV-05336

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

3. Answering Paragraph 3 of the Complaint, FSA admits each and every allegation.

4. Answering Paragraph 4 of the Complaint, FSA admits that venue under 28 U.S.C. §1391 would be proper if Plaintiff had a claim, but denies that Plaintiff has any such claim herein. FSA defers all questions of law to the Court.

5. Answering Paragraph 5 of the Complaint, FSA has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

6. Answering Paragraph 6 of the Complaint, FSA has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations. FSA defers all questions of law to the Court.

7. Answering Paragraph 7 of the Complaint, FSA admits that it attempted to collect a debt from Plaintiff. FSA has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations. FSA defers all questions of law to the Court.

8. Answering Paragraph 8 of the Complaint, FSA admits that it is a limited liability company with a business office in Amherst, Erie County, New York.

9. Answering Paragraph 9 of the Complaint, FSA has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

10. Answering Paragraph 10 of the Complaint, FSA admits that it attempted to call Plaintiff. FSA has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations.

11. Answering Paragraph 11 of the Complaint, FSA has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

12. Answering Paragraph 12 of the Complaint, FSA has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

13. Answering Paragraph 13 of the Complaint, FSA has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

ANSWER AND AFFIRMATIVE DEFENSES OF FIRST SOURCE ADVANTAGE, LLC - 2
Case No. 3:11-CV-05336

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

14. Answering Paragraph 14 of the Complaint, FSA has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

15. Answering Paragraph 15 of the Complaint, FSA has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

16. Answering Paragraph 16 of the Complaint, FSA has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

17. Answering Paragraph 17 of the Complaint, and subparagraphs a-c thereto, FSA denies each and every allegation.

18. Answering Paragraph 18 of the Complaint, FSA denies that Plaintiff is entitled to the relief set forth in her prayer.

19. Answering Paragraph 19 of the Complaint, FSA denies that Plaintiff is entitled to the relief set forth in her prayer.

20. Answering Paragraph 20 of the Complaint, FSA denies that Plaintiff is entitled to the relief set forth in her prayer.

21. Answering Paragraph 21 of the Complaint, FSA denies that Plaintiff is entitled to the relief set forth in her prayer.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State Cause of Action)**

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against FSA.

### **SECOND AFFIRMATIVE DEFENSE**
### **(No Intentional or Reckless Conduct)**

2. As a separate, affirmative defense, FSA contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. FSA also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

ANSWER AND AFFIRMATIVE DEFENSES OF FIRST SOURCE ADVANTAGE, LLC - 3
Case No. 3:11-CV-05336

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

### THIRD AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

3. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

4. As a separate, affirmative defense, assuming *arguendo* that this FSA violated a statute alleged in the Complaint, which presupposition the FSA denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver/Consent)

5. As a separate, affirmative defense, the Complaint and each purported cause of action alleged therein against FSA is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

### SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

6. FSA reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### PRAYER FOR RELIEF

WHEREFORE, FSA prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint;

ANSWER AND AFFIRMATIVE DEFENSES OF FIRST SOURCE ADVANTAGE, LLC - 4
Case No. 3:11-CV-05336

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1     2.     For judgment in favor of FSA, and against Plaintiff;

2     3.     For costs of suit and reasonable attorneys' fees incurred; and

3     4.     For such other and further relief as the Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

FSA respectfully demands a jury trial in this case.

Dated   July 11, 2011.

                     DAVENPORT & HASSON, LLP

                     s/ Jeffrey I. Hasson
                     WSBA No. 23741
                     Davenport & Hasson, LLP
                     12707 NE Halsey St.
                     Portland, OR 97230
                     Telephone:  (503) 255-5352
                     Fax:  (503) 255-6124
                     E-Mail:  hasson@dhlaw.biz

                     ***Attorney for First Source Advantage, LLC***

ANSWER AND AFFIRMATIVE DEFENSES OF FIRST SOURCE ADVANTAGE, LLC - 5
Case No. 3:11-CV-05336

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Certificate of Service

I hereby certify that on <u>July 11, 2011</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: <u>Sharon D. Cousineau</u> and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

<u>s/ Jeffrey I. Hasson</u>
Jeffrey I. Hasson, WSBA#23741
Attorney for First Source Advantage, LLC
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz

CERTIFICATE OF SERVICE - 1
Case No. 3:11-CV-05336

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124